## The People, on relation of James Whiting, v. William M. Connor.

*Quo warranto — default of defendant — final judgment.* — Upon the default of defendant in an information in the nature of a *quo warranto* upon relation of the claimant to an office, the Court can give a judgment of ouster, but cannot determine the right of the relator to the office.

*Heard April 28.    Decided May 2.*

Information in the nature of a *quo warranto.*

This case was one of several in which, the defendant's default having been entered, and more than four days thereafter having expired, the counsel for the relators moved for judgment in favor of their right to the respective offices.

*G. V. N. Lothrop,* for the relators.

CHRISTIANCY J.:

In these several cases, over four days having elapsed since the default of the respective defendants was entered, the counsel for the relator claims final judgment as well in favor of the relator's right to the respective offices as for the ouster of the defendant, the informations having set forth as well the right of the former, as the usurpation by the latter.

The statute — *Rev. Stat., Chap* 136, *Sec.* 4; *Comp. L., Sec.* 5294 — provides that "judgment shall be rendered upon the right of the defendant, and also upon the right of the party so entitled; or only upon the right of the defendant, as justice shall require."

After careful consideration we have come to the conclusion that we cannot safely go further upon default of the defendant than to give judgment of ouster against him. His default admits his own usurpation of, or intrusion into the office, but we do not see how his admission can be allowed to determine the right of the

relator to the office. This is a question between the relator and the people, which cannot be safely left to the admission of the defendant. From the fact that the defendant has no right to the office, it does not necessarily follow that the relator has. The statute has furnished no means of trying the relator's right upon default; and we have not been able to discover one fairly within the power of the Court, by which the question can be safely tried *ex parte*. Practically in these cases the judgment of ouster will probably accomplish the object of the relators. The offices being vacated by the ouster, the relators will doubtless find no difficulty in taking possession. But if there be any defect in any relator's title, the people will still be at liberty to test the question by the proper proceeding against him.

COOLEY and CAMPBELL JJ. concurred.

MARTIN Ch. J. was absent.